# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SUZY BISHARA,

      Plaintiff,

v.

BAC HOME LOANS AND
COUNTRYWIDE HOME LOANS, *et al.*,

      Defendants.

Case No. 2:11-CV-01420-KJD-GWF

**ORDER**

Presently before the Court is the Motion to Dismiss (#8) filed by Defendants BAC Home Loans ("BAC") and Countrywide Home Loans ("Countrywide")(collectively "Defendants"). Plaintiff filed a response in opposition (#14) to which Defendants replied (#17). Also before the Court is Defendants' Motion to Expunge Lis Pendens (#10) to which Plaintiff filed a response (#15).

I.  Background

Plaintiff Suzy Bishara purchased property at 9120 Nicklewood Ave, Las Vegas Nevada (the "Property") on January 12, 2006 with a loan for $328,000 from Countrywide and secured this loan with a Deed of Trust encumbering the Property.

According to the allegations of the complaint, Plaintiff defaulted on or about November 1, 2008. On March 5, 2009, ReconTrust Company, N.A. ("ReconTrust"), acting as agent for the

beneficiary, filed a Notice of Default and Election to Sell. On April 18, 2011, Mortgage Electronic

Registration Systems, Inc. ("MERS") assigned its interest as beneficiary under the Deed of Trust to

BAC. Subsequently, ReconTrust  filed a Nevada Notice of Trustee's Sale recorded on July 20, 2011

in the Clark County Recorder's office.

On April 13, 2011, Plaintiff filed a Complaint in State Court, which was subsequently

removed (#1-1) on September 2, 2011. The Complaint contains claims for wrongful foreclosure, civil

conspiracy, quiet title, and declaratory relief. Defendants have now moved to dismiss for failure to

state a claim upon which relief may be granted.

II.  Discussion

A.  Legal Standard for Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937,

1949 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the

context of a motion to dismiss, means that the plaintiff has pleaded facts that allow "the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 129

S. Ct. at 1949. The Iqbal evaluation illustrates a two-prong analysis. First, the court identifies "the

allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations

which are legal conclusions, bare assertions, or merely conclusory. Ashcroft, 129 S. Ct. at 1949-51.

Second, the Court considers the factual allegations "to determine if they plausibly suggest an

entitlement to relief." Ashcroft, 129 S. Ct. at 1951. If the allegations state plausible claims for relief,

such claims survive the motion to dismiss. Ashcroft, 129 S. Ct. at 1950.

Plaintiff is representing herself *pro se*. Courts must liberally construe the pleadings of *pro se*

parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, "*pro se*

litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of

record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir. 1986).

///

2

1    B.  Wrongful Foreclosure

2         To establish a claim for wrongful foreclosure, Plaintiff must allege: 1) defendant exercised a

3    power of sale or the foreclosure occurred; and 2) at the time of the foreclosure, plaintiff did not cause

4    a breach of condition or failure of performance that would have authorized a foreclosure. Collins v.

5    Union Fed. Sav. & Loan Ass'n., 662 P.2d 610, 623 (Nev. 1983). "In alleging fraud or mistake, a

6    party must state with particularity the circumstances constituting fraud or mistake." Fed R. Civ. P.

7    (9)(b). To allege fraud, a plaintiff must demonstrate that: 1) defendant made a false representation; 2)

8    defendant knew it was false; 3) defendant intended to induce a reliance on the misrepresentation; 4)

9    plaintiff justifiably relied on the misrepresentation; and 5) plaintiff suffered damages as a result of

10   the reliance. Nau v. Sellman, 757 P.2d 358, 360 (1988). Fraud must be pled with particularity

11   including allegations of the time, place, nature of the fraud, and specific parties involved.

12   Neubronner v. Milliken, 6 F.3d 666, 671 (9th Cir. 1993). It is not required that the complaint

13   describe in detail every single transaction. However, the complaint must identify the circumstance of

14   the alleged fraud so that defendants can prepare an adequate answer. Cooper v. Pickett, 137 F.3d

15   616, 627 (9th Cir. 1997). "Fraud cannot be predicated upon misrepresentations of law or

16   misrepresentations as to matters of law."  Miller v. Yokohama Tire Corp., 358 F.3d 616, 621 (9th

17   Cir. 2004).

18        Plaintiff seems to allege that Defendants fraudulently executed the Assignment of Deed of

19   Trust and the Notice of Default. In Nevada, the trustee is authorized to exercise the power of sale

20   after a breach of the obligation. Nev. Rev. Stat. §107.080. ReconTrust is the trustee under the terms

21   of the Deed of Trust and has the right to exercise a power of sale and file a Notice of Default upon

22   the Property. See Nev. Rev. Stat. §107.080(1); see also Request For Judicial Notice, Ex. A, Doc. No.

23   7-1. A beneficiary has the power to record a notice of breach and of the election to sell or cause to be

24   sold the property to satisfy the obligation. Nev. Rev. Stat. §107.080(2)(c). BAC was assigned all

25   beneficial interest that MERS possessed as the beneficiary to the Deed of Trust according to the

26   Corporation Assignment of Deed of Trust. See Nev. Rev. Stat. §107.080(2)(c); see also Request For

1    Judicial Notice, Ex. C, Doc. No. 7-1. The Court cannot find any deficiency in the assignment of the

2    Deed of Trust, the Notice of Default, or the Notice of Sale. Each party was authorized and had

3    authority to take the actions they did.

4           However, Plaintiff has alleged that she was not in default. Nevertheless, since no foreclosure

5    has taken place, there can be no claim for wrongful foreclosure. Additionally, Plaintiff has failed to

6    provide essential information required to state a claim for fraud. Construing Plaintiff's *pro se*

7    Complaint liberally, the only surviving claim is for breach of contract since Plaintiff is asserting that

8    she was not in default and, therefore, the actions taken to foreclose were in breach of the note and

9    Deed. Accordingly, the claim for wrongful foreclosure is dismissed.

10          Plaintiff's best remedy would have been to seek her right to mediation through the Nevada

11   Foreclosure Mediation Program. Nev. Rev. Stat. §107.086. Once a trustee records the notice of

12   default, a trustee must then send the mortgagor a form which allows him to elect mediation. The

13   mortgagor then has 30 days after service of the notice of default to return the form to the trustee

14   indicating his selection. Nev. Rev. Stat. §107.086(2)(a). Nevada Assembly Bill 149 amends Chapter

15   107 by adding a requirement that if the grantor or person holding title of record notifies the trustee

16   that they seek mediation, the power of sale will be stayed until completion of the mediation program.

17   The mediation requires the beneficiary of the deed of trust or representative to appear at the

18   mediation with the original or certified copy of the deed of trust, the mortgage note, and each

19   assignment of the deed of trust or mortgage note. See 2009 NV A.B. 149. Nevada Seventy-Fifth

20   Regular Session. The record is silent as to whether Plaintiff requested her right to mediation. Plaintiff

21   could have sought relief in state court, if the opposing parties had failed to produce documentation

22   substantiating their claim of authority to proceed with foreclosure or had otherwise failed to mediate

23   in good faith.

24          D.  Civil Conspiracy

25          To prove civil conspiracy, a plaintiff must demonstrate that the defendants: 1) were part of a

26   combination of two or more persons; 2) who intended to achieve an unlawful objective for the

4

1   purpose of harming another; and 3) damage resulted from the action. Hilton Hotels v. Butch Lewis

2   Productions, 862 P.2d 1207, 1210 (1993)(citing Sutherland v. Gross, 772 P.2d 1287, 1290 (1989)).

3       Plaintiff's claim for civil conspiracy fails because she fails to provide a short plain statement

4   that demonstrates why she is entitled to relief.  Fed. R. Civ. P. (8)(a). Further, since the Defendants

5   had authority to record the Notice of Default and Assignment of Deed of Trust without more factual

6   allegations, Plaintiff has failed to state a claim. Accordingly, Plaintiff's claim for civil conspiracy is

7   dismissed.

8       E.  Quiet Title

9       In Nevada, a quiet title action may be brought by someone who claims an adverse interest in

10  property. Nev. Rev. Stat. 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to

11  prove good title in himself." Breliant v. Preferred Equities Corp., 112 Nev. 663, 918 P.2d 314, 318

12  (Nev.1996). A plaintiff must allege that he has paid any debt owed on the property. See Ferguson v.

13  Avelo Mortgage, LLC, No. B223447, 2011 WL 2139143, at *2 (Cal. App. 2d June 1, 2011). The

14  recorded titleholder is presumed to be the true titleholder. This presumption must be overcome by the

15  plaintiff. Biasa v. Leavitt, 692 P.2d 1301, 1304 (1985). Further, Courts have held that an action for

16  quiet title "should be dismissed where plaintiff's claim is not based on a cognizable legal theory."

17  Elias v. HomeEQ Servicing, 2009 WL 481270, at *2 (D.Nev. Feb. 25, 2009).

18      Plaintiff acknowledges that she executed loan documents that encumbered the Property with

19  a Deed of Trust held by the Defendants and has failed to allege that the encumbrance has been

20  satisfied or removed from the Property. Finally, Plaintiff has failed to provide a "short and plain

21  statement of the claim" which alleges an alternative party claims title to the Property. Fed. R. Civ. P.

22  (8)(a). Accordingly, Plaintiff's claim must be dismissed.

23      F.  Declaratory and Injunctive Relief

24      Declaratory or injunctive relief is not a separate cause of action or an independent ground for

25  relief. See in re Wal-Mart Wage & Hour Employ. Practices Litig., 490 F.Supp.2d 1091, 1130

26  (D.Nev. 2007). Plaintiff has not moved separately in accordance with the Federal Rules of Civil

1    Procedure. Fed. R. Civ. P. (65). Accordingly, Plaintiff's claims for declaratory and injunctive relief

2    are dismissed.

3         G.  Summary

4         It has been demonstrated that there are no deficiencies in the assignment of the Deed of Trust,

5    the Notice of Default, or the Notice of Sale. The claim for wrongful foreclosure is dismissed because

6    foreclosure has not taken place. Claims for civil conspiracy, fraud, quiet title, and declaratory

7    judgment lack merit for the foregoing reasons. Construing Plaintiff's *pro se* Complaint liberally, the

8    only surviving claim is for breach of contract because Plaintiff asserts that she was not in default

9    when the Notices were recorded.

10   III.  Conclusion

11        Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#8) is

12   **GRANTED in part** and **DENIED in part**;

13        **IT IS FURTHER ORDERED** that Defendants' Motion to Expunge Lis Pendens (#10) is

14   **DENIED**.

15        DATED this 5th day of June 2012.

16

17

18   _____
     Kent J. Dawson
19   United States District Judge

20

21

22

23

24

25

26

6